# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SPEARE TOOLS, Inc.,**

    Plaintiff,

    -vs-                                        Case No. 13-C-324

**KLEIN TOOLS, Inc.,**

    Defendant.

## DECISION AND ORDER

Speare Tools, Inc. alleges that Klein Tools, Inc. infringed the trade dress of its Adjustable Hole Saw, a tool used for cutting holes in drywall and ceiling tiles. Speare also brought a claim for patent infringement, but the parties settled that claim. Now before the Court are numerous discovery motions.

**First,** Klein filed a motion to compel. ECF No. 39. In response, Speare argues that Klein never should have filed this motion because Speare agreed to supplement its responses (the responses have since been supplemented). Even if Speare promised to correct its responses — a contention that Klein disputes — Klein had little choice but to file this motion because the discovery deadline was about to expire, and Speare refused to stipulate to an extension. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("motions to compel filed after the close of discovery are almost always deemed untimely"). For similar reasons, the Court disagrees with Speare's contention that Klein did not confer in good faith prior to filing this motion. Fed. R. Civ. P. 37(a)(a).

At this point, it seems silly that Speare even bothered to oppose this motion, but

Speare also demands fees and expenses,[1] citing Fed. R. Civ. P. 37(a)(5)(A). This provision is inapplicable on its face because it only applies when a motion to compel is granted or, as happened here, "the disclosure or requested discovery is provided after the motion was filed." *Id.* Klein, not Speare, may be entitled to such an award. Klein's request for leave to file a petition for expenses under Rule 37(a)(5)(A) is granted.

**Second,** Klein moved for an extension of time to complete third-party depositions and receive certain documents. This motion [ECF No. 41] was withdrawn by stipulation.

**Third,** Speare moves to compel full interrogatory responses and the production of certain documents. ECF No. 47. This motion is largely moot, except for Speare's demand for all "financial statements used to prepare Klein's tax returns from 2007 to the present." Klein's adjustable hole saw is only one of approximately 3,000 products that it sells. Thus, the Court agrees with Klein's objection that Speare's request is cumulative, overbroad and unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Speare argues that this broad swath of financial information is relevant to Klein's ability to pay enhanced damages for intentional infringement, 15 U.S.C. § 1117, but Klein has never placed its ability to pay at issue in this litigation.

**Fourth,** Klein moves to strike and bar the report of Speare's "survey" expert, Nicola Riggleman as deficient under Federal Rule of Civil Procedure 26(a)(2)(B). ECF No. 55. After reviewing the report, ECF No. 59, Ex. B, the Court doesn't understand Klein's objection. Ms. Riggleman's report complies with the foregoing requirements.

---

[1] If there was no dispute, as Speare contends, then why did Speare incur expenses by responding to the motion in the first instance? What was the point, if not to incur expenses and then try to foist them upon the opposition?

**Fifth**, and finally, Klein moves to strike and bar the summary and testimony of Patricia d'Angelo, one of Speare's damages experts. ECF No. 60. Klein argues that Ms. d'Angelo must provide a written report because she was "retained or specially employed to provide expert testimony . . ." Fed. R. Civ. P. 26(a)(2)(B). To the contrary, Ms. d'Angelo is a long-term Speare employee who no longer receives a salary but continues to perform financial accounting services, such as assisting in the preparation of financial statements, assisting in the posting of sales and expense entries, answering finance-related questions, and numerous other finance-related activities. Thus, Ms. d'Angelo's opinion arises not from her "enlistment as an expert," but rather from her "ground-level involvement in the events giving rise to the litigation." *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011); *see also Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) ("a former employee may be a non-retained expert for the purposes of Rule 26(a)(2) if he is a percipient witness and is testifying based upon his personal knowledge of the facts or data at issue in the litigation").

Since d'Angelo is a non-retained expert, Speare is required to disclose the subject matter of her testimony and a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Additionally, under the local rules of this judicial district, Speare must provide a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i); Civil L.R. 26(b)(1)(B) (E.D. Wis.). Again, the Court doesn't understand Klein's objections. Speare's disclosure easily meets these minimal requirements, as does Speare's disclosure

regarding the expert testimony of its owner, William Speare.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Klein's motion to compel [ECF No. 39] is **DENIED** as moot;

2. Klein's motion for an extension of time [ECF No. 41] is **DENIED** as moot;

3. Speare's motion to compel [ECF No. 47] is **DENIED**;

4. Klein's motion to strike Section III of Speare's reply brief [ECF No. 55] is **DENIED**;

5. Klein's motion for leave to file a sur-reply brief [ECF No. 55] is **GRANTED**;

6. Klein's motions to strike and bar [ECF Nos. 57 and 60] are **DENIED**;

7. Klein's motion to seal [ECF No. 61] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2014.

                                          **BY THE COURT:**

                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**